**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,                        Criminal Case No. 18-20351-05

v.

NIESHEIA TIBU,                     Honorable Nancy G. Edmunds

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S EMERGENCY**
**MOTION FOR COMPASSIONATE RELEASE [215]**

Pending before the Court is Defendant's *pro se* Motion for Compassionate Release. (ECF No. 215.)  Defendant requests that pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) the Court resentence her to a sentence of imprisonment of time served, or alternatively, convert the remainder of her sentence to a term of supervised release.  Defendant contends her health condition constitutes extraordinary and compelling circumstances justifying this relief in the wake of the COVID-19 pandemic. The government opposes the requested relief and has filed a response. (ECF No. 217.) The Court has reviewed the record in its entirety and finds that a hearing on this matter is not necessary.  For the reasons set forth below, the Court **DENIES** Defendant's motion.

**I.**     **BACKGROUND**

On December 4, 2018, Defendant pled guilty to one count of conspiracy to possess with intent to distribute controlled substances.  The criminal charge arose from her involvement in an extensive opioid distribution scheme in which Defendant and her husband recruited individuals to have unlawful prescriptions written in their names and then sell the pills on the illegal street market.  On December 4, 2019, the Court sentenced

Defendant to be imprisoned for a term of 36 months.  Defendant is currently confined at FCI Adelson.  Her projected release date is October 4, 2022.

Defendant is 47 years old.  She suffers from various health issues, most notably chronic kidney disease, and she has undergone surgery to remove one of her kidneys. The Government concedes that Defendant's health conditions place her in the category of individuals at a heightened risk if they become infected with COVID-19.

On April 8, 2020, Defendant submitted a request to the BOP for compassionate release due to her health issues.  According to the Government, on April 27, 2020, the BOP denied Defendant's request.  The Government states that Defendant's request to the BOP for compassionate release did not include a request based on the threat of COVID-19.

Defendant now moves for compassionate release in this Court.  The motion has been fully briefed and is ripe for consideration.

## II.    ANALYSIS

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows (emphasis added):

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus in order to obtain relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence or compassionate release. In addition to this showing, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and determine whether a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In her motion, Defendant claims her health conditions and age in the wake of the COVID-19 pandemic are extraordinary and compelling circumstances warranting compassionate release under § 3582(c). Although the Government concedes that Defendant's specific health conditions and the threat of COVID-19 may constitute an extraordinary and compelling circumstance, the Government argues that Defendant is not entitled to compassionate release because she failed to fully exhaust the her administrative remedies before seeking relief in this Court. The Government also argues that Defendant is not entitled to release under § 3582(c) because she poses a continued danger to the community. And the Government contends that notwithstanding Defendant's health conditions and the threat of COVID-19, consideration of the § 3553(a) factors supports denying the motion.

Having considered the record in its entirety, the Court agrees the with Government that Defendant has failed to demonstrate that she is entitled to compassionate release at this time. Specifically, the Court finds that consideration of the factors set forth in §

3553(a) weighs against granting the requested relief.[1]  The nature and circumstances of Defendant's offense are serious, and that one factor weighs against granting compassionate release.  *See* § 3553(a)(1).   Moreover, the Court finds that releasing Defendant to home confinement at this point, less than a year into her sentence, and under these circumstances would not be consistent with the other § 3553(a) factors.  The Court finds that the statutory goal of imposing punishment would not be satisfied by releasing Defendant to home confinement at this point.  And the Government's argument concerning the continued danger Defendant poses to the community in light of her past criminal conduct is compelling.  Thus granting the requested relief would be inconsistent with and not supported by the § 3553(a) factors.

### III.    CONCLUSION

Accordingly, for the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated:  September 17, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 17, 2020, by electronic and/or ordinary mail.

---

[1] Because the Court finds that consideration of the § 3553(a) factors is dispositive of Defendant's motion, the Court will not address the Government's argument that Defendant failed to properly or fully exhaust her administrative remedies.  The Court will also assume for the purposes of resolving this motion that Defendant's health condition in the wake of the COVID-19 pandemic constitutes an extraordinary and compelling circumstance.

<u>s/Lisa Bartlett</u>
Case Manager